# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN KELSEY, <br><br> Defendant. | No. 3:21-cr-00264-1 |

## MEMORANDUM IN SUPPORT OF OBJECTIONS TO THE PRESENTENCE REPORT

Pursuant to this Court's Order of July 27, 2023, defendant Brian Kelsey, by and through undersigned counsel, hereby provides his arguments relating to certain objections to the Revised Pre-Sentence Report ("PSR") that remain outstanding—specifically his objection to the inclusion of a 2-point adjustment for Obstruction of Justice pursuant to U.S.S.G. § 3C1.1.

### ARGUMENT

In paragraph 59 of the Revised PSR, dated June 21, 2023, the Probation Office has included a two-point upward adjustment that the Government did not seek for Obstruction of Justice pursuant to U.S.S.G. § 3C1.1. The sole factual support for this enhancement was the following sentence: "[T]he defendant admitted that he lied, under oath, at his Change of Plea Hearing, when he indicated that he was guilty of Counts One and Five of the Indictment."

Notably, Mr. Kelsey's decision to move to withdraw his plea separately resulted in him losing a 3-point downward adjustment for Acceptance of Responsibility that he previously received. By adding an additional 2-point adjustment for the same reason, the Probation Office has adjusted his Total Offense Level from 15 to 20.

The 2-point adjustment was error, and it is not supported by the Guidelines.

The Guidelines Manual specifically notes that an enhancement for Obstruction of Justice is inappropriate if it "punish[es] a defendant for the exercise of a constitutional right." § 3C1.1 n.2. In fact, the Manual speaks specifically to this circumstance, noting that a "denial of guilt" is "not a basis for application of this provision" *unless* such a denial is made under oath and constitutes **perjury**.

Here, the Probation Office provides no explanation or analysis whether Mr. Kelsey committed perjury. It is not even clear which testimony the Probation Office believes was perjured. The PSR can most reasonably be read to mean that the Probation Office has taken the position that Mr. Kelsey lied at his change of plea hearing when he said he was guilty, and the evidence of such perjury was that he "admitted" doing so at the subsequent hearing on the motion to withdraw. In other words, in this paragraph, the Probation Office is asserting that Mr. Kelsey's statements at the plea hearing were false—meaning that he is, in fact, innocent. It would be bizarre to apply a 2-point enhancement based on a determination that Mr. Kelsey is factually innocent, especially when this position stands at odds with the rest of the information the Probation Office has credited in the PSR.

In response to this objection, the Probation Office doubled down on the perjury-by-asserting-innocence theory, noting specifically that Mr. Kelsey "admitted that he . . . misrepresented to the Court that he was guilty of a crime he did not commit." PSR at Addendum p. 2. If the Probation Office truly believes that Mr. Kelsey is innocent, then his assertion to that effect did not "obstruct[] or impede[] . . . the administration of justice" as § 3C1.1 requires.

If, on the other hand, the Probation Office means to say that Mr. Kelsey's testimony at the hearing on the motion to withdraw his plea was perjurious, and he lied by saying he was innocent, then there is insufficient evidence in the record to support this enhancement. To adjudicate it, we would have to hold a mini-trial at sentencing on whether Mr. Kelsey's is factually and legally guilty of a very complicated campaign finance statute. Where there is no such evidence in the record already, the application of a 2-point enhancement here is inappropriate. *See, e.g.*, *United States v. Kimberly*, 412 F. App'x 750, 756 (6th Cir. 2011) (requiring before applying § 3C1.1 that the court "identify those particular portions of the defendant's testimony that it considers to be perjurious" along with "specific findings for each element of perjury" including its factual basis).

## **CONCLUSION**

Because this enhancement is not justified—and especially in light of the government not seeking it—this Court should not accept the PSR's 2-level adjustment for Obstruction of Justice. Without it, Mr. Kelsey's Total Offense Level is 18, and his recommended Guidelines Range is 27 to 33 months. *See* PSR Addendum at 2.

3

Respectfully submitted,

_____
J. Alex Little (TN #029858)
Zachary Lawson (TN # 036092)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
*Attorneys for Brian Kelsey*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2023, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will serve it upon all counsel of record.

/s/ J. Alex Little
*Counsel for Brian Kelsey*