UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:21-cr-00264-1 |
| v. | ) | |
| | ) | CHIEF JUDGE CRENSHAW |
| BRIAN KELSEY | ) | |

**POSITION OF THE UNITED STATES REGARDING PRESENTENCE REPORT**

The United States of America, through Henry C. Leventis, United States Attorney for the Middle District of Tennessee, Assistant United States Attorney Amanda J. Klopf, Corey R. Amundson, Chief of the Public Integrity Section of the United States Department of Justice, Trial Attorney John P. Taddei, Reagan Fondren, First Assistant United States Attorney for the Western District of Tennessee, and Assistant United States Attorney David Pritchard (collectively, "United States" or "government"), hereby provides its position regarding the Revised Presentence Investigation Report ("PSR") and sentencing for defendant Joshua Smith.

The United States does not have any objections to the defendant's PSR. The PSR calculates that the defendant's total offense level is 20, and his Criminal History Category is Category I, which places the defendant in the advisory Guidelines custodial range of 33 to 41 months.

The base offense level for the defendant's conspiracy and campaign finance offenses is 8, pursuant to U.S.S.G. § 2C1.8(a). PSR ¶ 54. The offense level is increased by 6 levels for illegal transactions with a value more than $40,000, but less than $95,001, pursuant to U.S.S.G. §§ 2C1.8(b)(1) and 2B1.1(b)(1)(D), because the defendant illegally transferred approximately $91,000 in funds to benefit his federal political campaign. PSR ¶ 55. The offense level is further

1

increased by 2 levels, pursuant to U.S.S.G. § 3B1.3, because the defendant was an organizer, leader, manager or supervisor of the illegal transfers, and an additional 2 levels, pursuant to U.S.S.G. § 3B1.3, because the defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense. PSR ¶¶ 57, 58. These enhancements are consistent with the parties' estimates in the plea agreement. DE 73 ¶ 9.

The Probation Office also recommends an additional 2-level increase for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. PSR ¶¶ 46, 47, 59. More than 100 days after pleading guilty before this Court, and on the eve of sentencing, the defendant moved to withdraw his guilty pleas. DE 93. The defendant subsequently testified under oath before this Court at an evidentiary hearing related to that motion. DE 119 at 19-123 (5/16/23 H'g Tr.) ("Withdrawal Tr."). The defendant repeatedly asserted that he had knowingly and intentionally lied under oath at his change of plea hearing when he told the Court that he was guilty of Counts 1 and 5 of the indictment. *Id.* at 42-43, 84, 100, 104, 106-07, 113-14. The defendant also repeatedly testified that he did not commit the acts set forth in the factual basis supporting his pleas, despite his earlier sworn written and oral statements that the factual basis was correct. *Id.* at 76, 91, 94, 109, 118-20, 123. At the conclusion of the hearing, the Court stated that it did "not find [the defendant's] assertions persuasive," that his claims "at least permit[] the suggestion of some kind of tactual gamesmanship," and, given the defendant's "particular education and background, could permit a finding that his testimony here may not be entirely truthful." *Id.* at 201, 207. The Probation Office applied the 2-level obstruction enhancement based on a finding that the defendant had "lied, under oath, at his Change of Plea Hearing." PSR ¶¶ 46, 47, 59; PSR Add. at 2.

At the time the parties entered into the plea agreement in November 2022, they agreed that

2

Case 3:21-cr-00264   Document 135   Filed 08/04/23   Page 2 of 7 PageID #: 794

"no additional upward or downward adjustments [to the offense level] are appropriate" beyond those listed in the agreement. DE 73 at 11. The government maintains that, despite the defendant's subsequent attempt to withdraw his pleas and perjury, this Court should accept the original plea agreement. As a result, per the agreement's terms, the government does not advocate for the application of the obstruction enhancement.

Notably, though, the plea agreement states that, "[i]n the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended [in the plea agreement], the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same." DE 73 at 11. Therefore, if at the sentencing hearing the Court requests the government's assessment of whether the defendant's post-plea conduct falls within the definitions provided in § 3C1.1, the government will provide its assessment.

Ultimately, as the plea agreement sets forth, the parties understand "that the Court determines both the final offense level and the final guidelines range" and, therefore, "the validity of [the plea agreement] is not contingent upon the Probation Officer's or the Court's concurrence with the [parties' stipulated] calculations." *Id.* Put simply, regardless of the parties' stipulations, the Court is the ultimate decider of whether the obstruction enhancement applies to the defendant.

Finally, the Probation Office determined that a downward adjustment to the offense level for acceptance of responsibility was unwarranted. PSR ¶¶ 48-50, 62; PSR Add. at 2-3. As a basis for denying the adjustment, the Office stated that, at the withdrawal hearing, "the defendant, on multiple occasions, denied responsibility for any of the offenses to which he previously pleaded guilty." PSR Add. at 3. The government agrees with the Probation Office's assessment that an

3

offense-level reduction for acceptance of responsibility is unwarranted.

The Guidelines state that "[i]f the defendant *clearly demonstrates* acceptance of responsibility for his offense, decrease the offense by 2 levels." U.S.S.G. § 3E1.1(a) (emphasis added). "Entry of a plea of guilty prior to the commencement of trial *combined with truthfully admitting the conduct comprising the offense of conviction*, and truthfully admitting and not falsely denying any additional conduct for which he is accountable . . . will constitute significant evidence of acceptance of responsibility." *Id.* § 3E1.1 app. n. 3 (emphasis added). "However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." *Id.* Moreover, "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." *Id.*; *see United States v. Wilder*, 161 F. App'x 545, 554 (6th Cir. 2006) (unpublished) (affirming a district court's decision to deny a downward Guidelines adjustment for acceptance of responsibility because the defendant filed a motion to withdraw from his guilty plea, took the stand and testified, and the district court believed that the defendant's testimony during the course of that hearing did not manifest an acceptance of responsibility).[1]

The defendant's repeated assertions that he lied under oath at his change of plea hearing, as well as his repeated false claims that he did not commit the acts set forth in the factual basis supporting his pleas, show that he has not "clearly demonstrate[d] acceptance of responsibility for

---

[1] Furthermore, the Application Notes state that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1 app. n. 4. As noted above, the Probation Office recommends that the defendant receive a § 3C1.1 enhancement based on his false statements during the withdrawal hearing, while the government does not advocate for its application based on the terms of the plea agreement.

his offenses," U.S.S.G. § 3E1.1(a). Pressed by the Court for specifics of what the defendant believed was inaccurate in his factual basis, the defendant rejected the core of the unlawful coordination scheme to which he pleaded guilty. Withdrawal H'g 119. He stated, "I'm here to tell you today, Your Honor, I did not tell these people to make these donations." *Id.* Later during the hearing, the defendant doubled down on that false statement, declaring unequivocally, "I 100 percent did not commit these things that I'm accused of." *Id.* at 123. These statements show a defiant refusal by the defendant to acknowledge his criminal conduct. They represent the exact opposite of acceptance of responsibility and preclude him from receiving an offense-level reduction. Furthermore, just this week, the defendant filed purported "mitigation evidence" in the form of an affidavit from one of his former campaign attorneys. DE 131, 131-1, 131-2. As outlined in the concurrently filed United States' Sentencing Memorandum Addressing 18 U.S.C. § 3553(a) Factors ("Sentencing Memorandum") (at pp. 3, 9), the filing yet again demonstrates the defendant's ongoing post-plea refusal to accept responsibility for his crimes, to ignore the sworn statement of facts contained in his plea agreement, and to blame others for his misconduct.

Ultimately, the Probation Office calculates a total offense level of 20. PSR ¶ 63. The defendant has no known criminal history, which puts him in Criminal History Category I. PSR ¶¶ 64-69. In that category, an offense level of 20 yields a recommended Guidelines range of 33-41 months of imprisonment. PSR ¶ 89. At this offense level, the Guidelines state that the minimum term shall be satisfied by a sentence of imprisonment. U.S.S.G. § 5C1.1(f); *see* PSR ¶ 89. Therefore, a term of 41 months of imprisonment would be consistent with the Guidelines.

Furthermore, the Guidelines range provides a useful framework for evaluating all of the other factors together because it provides a "rough approximation" of sentences that will achieve

all of § 3553's objectives. *Rita v. United States*, 551 U.S. 338, 350 (2007); *United States v. Perez-Rodriguez,* 960 F.3d 748, 754 (6th Cir. 2020). As set forth in more detail in the government's Sentencing Memorandum, this conclusion is not an abstract or academic one; the particular facts of this case, viewed through the prism of § 3553(a), fully support a within-Guidelines sentence.

Respectfully submitted,

| | |
|---|---|
| HENRY C. LEVENTIS<br>United States Attorney<br>Middle District of Tennessee | COREY R. AMUNDSON<br>Chief<br>Public Integrity Section |
| By: | By: |
| /s/ Amanda J. Klopf<br>AMANDA J. KLOPF<br>Assistant U.S. Attorney<br>110 Ninth Avenue South, Suite A-961<br>Nashville, TN 37203<br>(615) 736-5151<br>Email: amanda.klopf@usdoj.gov | /s/ John P. Taddei<br>JOHN P. TADDEI<br>Trial Attorney<br>1301 New York Ave. NW<br>Washington, DC 20530<br>(202) 514-3885<br>Email: john.taddei@usdoj.gov |

REAGAN FONDREN
Attorney for the United States, Acting
under Authority
Conferred by 28 U.S.C. § 515
Western District of Tennessee

By:

/s/ David Pritchard
DAVID PRITCHARD
Assistant U.S. Attorney
Western District of Tennessee
167 North Main Street, Suite 800
Memphis, TN 38103
(901) 544-4231
Email: david.pritchard2@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing response was electronically filed with the Clerk on August 4, 2023, and service was made upon all persons registered in that case via CM/ECF and/or by email.

/s/ John P. Taddei
JOHN P. TADDEI
Trial Attorney