UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 3:21-cr-00264-2 |
| v. ) | |
| ) | Chief Judge Crenshaw |
| JOSHUA SMITH ) | |

**UNITED STATES' SENTENCING MEMORANDUM
ADDRESSING TITLE 18, U.S.C., SECTION 3553(a) FACTORS**

The United States, through Henry C. Leventis, United States Attorney for the Middle District of Tennessee, Assistant United States Attorney Amanda J. Klopf, Corey R. Amundson, Chief of the Public Integrity Section of the United States Department of Justice, Trial Attorney John P. Taddei, Reagan Fondren, First Assistant United States Attorney for the Western District of Tennessee, and Assistant United States Attorney David Pritchard (collectively, "United States" or "government"), in accordance with Local Criminal Rule 32.01(e), hereby provides its statement addressing the sentencing factors set forth in Title 18, U.S.C., Section 3553(a). This Memorandum identifies and discusses what the United States believes are the relevant factors that may be applicable at sentencing.

As stated in the United States' Position Regarding the Presentence Report (PSR), filed contemporaneously with this Memorandum, the United States has no objections to the PSR.

The parties have entered into a plea agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. (DE 65, Plea Agreement.) The Probation Officer has not made a recommendation on a custodial sentence in the PSR. (PSR at p. 18). The United States submits that a sentence of 7.5 months is sufficient but not greater than necessary to achieve the ends of justice in this case.

**Title 18, U.S.C., Section 3553(a) - Factors To Be Considered In Imposing Sentence**

Pursuant to Title 18, U.S.C., Section 3553(a), this Court "shall impose a sentence sufficient, but not greater than necessary." Further, this Court, in determining the particular sentence to be imposed, shall consider the seven factors listed below.

1. **The nature and circumstances of the offense and the history and characteristics of the defendant.**

The relevant facts of the nature and circumstances of the offense are described in the Factual Basis section of the parties' plea agreement, with additional details described in the Offense Conduct section of the PSR. To summarize, the defendant was the owner and operator of the Standard Club, a members-only social club in Nashville, of which Kelsey was a member. Smith also controlled a Tennessee political action committee ("PAC") affiliated with the Club ("SCPAC"). On July 11, 2016, Brian Kelsey attended a private dinner at the defendant's restaurant. During the course of the evening, Kelsey gave Smith a check for $106,341.66 from his inactive State Senate campaign committee, which represented almost the full amount of the campaign account. While Kelsey told Smith that he could use the money however he wanted, he instead wanted the money to be used for his benefit. Smith came to understand this, and began working with other unindicted coconspirators to orchestrate the concealed movement of $67,000 from Kelsey's State Senate campaign committee to a national political organization ("Political Organization 1") for the purpose of funding advertisements that urged voters to support Kelsey in the looming August 4 Republican primary for the office of United States Representative for Tennessee's 8th Congressional District.

Kelsey, the defendant, and the unindicted coconspirators willfully funneled "soft money" from Kelsey's State Senate campaign committee through PAC 1 and PAC 2 to the Political

2

Organization 1 for the concealed, illegal purpose of supporting Kelsey's federal campaign. These actions caused the Political Organization 1 to make illegal soft money contributions to Kelsey's campaign in the form of coordinated advertisements for the portion of the funds derived from Kelsey's state campaign committee.

While this is a very serious crime, the defendant did not display the calculated, multifaceted, and complex campaign violations perpetrated by Brian Kelsey. Unlike Kelsey, who was facilitating his self-serving criminal objectives, Smith was doing this for the benefit of another, and appears to have perpetrated this crime in order to feed his ego. The defendant was not an elected official who held an office of trust. It also appears that Kelsey manipulated the defendant and others close to him to shield himself from scrutiny regarding illegal financial transactions and to hide illegal coordination with a purportedly "independent" political organization; an intricate scheme that the defendant carefully planned and initiated for the benefit of his own political aspirations.

Defendant's history and characteristics are detailed in the PSR, and the United States has no additional independent information to provide to this Court regarding defendant's history and characteristics.

> **2. The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

A sentence of 7.5 months would satisfy the need for a sentence to comport with the requirements of subparts A, B, and C listed above.

### 3. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Based upon defendant's conduct, a sentence of 7.5 months does not create an unwarranted sentencing disparity for defendants with a similar criminal history who have been convicted of similar offenses. While this recommended sentence is significantly lower than the sentence recommended by the United States for Brian Kelsey, there are several reasons that explain the difference and show that this is not a sentencing disparity. First, the information provided in the concurrently filed under seal filing justifies this sentence. Second, the defendant's base offense level is significantly lower because he was not an organizer or leader; he did not abuse a position of trust; he accepted responsibility; and he did not obstruct justice. Unlike Kelsey, who attempted to withdraw his plea during the course of which he repeatedly asserted that he had knowingly and intentionally lied under oath at his change of plea hearing, and repeatedly testified that he did not commit the acts set forth in the factual basis supporting his pleas, the defendant has not wavered in his acceptance of criminal responsibility for his conduct since pleading guilty, and has endured delays in his own sentencing based on the defendant's repeated efforts to avoid or delay judgment in this case.

### 4. The need to provide restitution to any victims of the offense.

There is no basis for this Court to order restitution in this case.

### Conclusion

WHEREFORE, based upon the factors set forth in Section 3553(a), the United States respectfully requests this Court impose a sentence of 7.5 months' of imprisonment.

4

Case 3:21-cr-00264    Document 138    Filed 08/04/23    Page 4 of 6 PageID #: 819

Respectfully submitted,

| | |
|---|---|
| HENRY C. LEVENTIS<br>United States Attorney<br>Middle District of Tennessee | COREY R. AMUNDSON<br>Chief<br>Public Integrity Section |

By:

/s/ Amanda J. Klopf
AMANDA J. KLOPF
Assistant U.S. Attorney
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203
(615) 736-5151
Email: amanda.klopf@usdoj.gov

REAGAN FONDREN
Attorney for the United States, Acting under Authority
Conferred by 28 U.S.C. § 515
Western District of Tennessee

By:

/s/ David Pritchard
DAVID PRITCHARD
Assistant U.S. Attorney
Western District of Tennessee
167 North Main Street, Suite 800
Memphis, TN 38103
(901) 544-4231
Email: david.pritchard2@usdoj.gov

By:

/s/ John P. Taddei
JOHN P. TADDEI
Trial Attorney
1301 New York Ave. NW
Washington, DC 20530
(202) 514-3885
Email: john.taddei@usdoj.gov

CERTIFICATE OF SERVICE

       I hereby certify that on August 4, 2023, I electronically served one copy of the United States' Sentencing Memorandum with the Clerk of the Court by using the CM/ECF system, which will notify counsel for defendant, and separately sent a copy to Probation Officer Deborah Lochmaier.

       s/ **Amanda J. Klopf**
Amanda J. Klopf
Assistant U.S. Attorney
110th Avenue South, A96l
Nashville, Tennessee 37203
Phone: 615-736-5151