UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff / Respondent, | |
| v. | No. 3:21-cr-00264-1 |
| BRIAN KELSEY, | |
| Defendant / Movant. | |

## BRIAN KELSEY'S EMERGENCY MOTION FOR RELEASE PENDING DECISION ON HIS MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Defendant Brian Kelsey hereby moves that the Court immediately order that he remain on release under his present terms and conditions until thirty days after this motion is decided, and thereafter, he seeks an order that he remain on release until thirty days after the Court has considered and ruled on his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In support of this motion, Mr. Kelsey states as follows:

1. The Court entered judgment on Mr. Kelsey's criminal conviction on August 16, 2023. (Doc. 155.) Mr. Kelsey appealed the conviction, and this Court granted his release during the pendency of his appeal. (Doc. 177.)

2. The Court of Appeals affirmed, rejecting his appeal because his counsel failed to object to the government's breach of the plea agreement, despite ruling that Mr. Kelsey's interpretation of the agreement was likely correct. (Doc. 188 at 9-13.) The Court of Appeals stayed

its mandate while Mr. Kelsey filed a petition for *certiorari* to the United States Supreme Court. (Doc. 192.)

3. Mr. Kelsey filed his petition for *certiorari* on November 26, 2024. (S.Ct. No. 24-590.) The United States Supreme Court denied Mr. Kelsey's petition for *certiorari* on January 13, 2025. (Doc. 196.)

4. Mr. Kelsey is "in custody" because he is under post-conviction conditions of release and because he faces imminent incarceration. *Lawrence v. 48th District Court,* 560 F.3d 475, 479 (6th Cir. 2008); *Bradley v. United States,* 2016 WL 11468693 (E.D. Mich. 2016).

5. Contemporaneously with this motion, Mr. Kelsey has filed a motion to vacate his conviction under 28 U.S.C. § 2255, and he requests that this Court consider and rule on that motion prior to ordering him to report to prison.

6. To prevail in this emergency motion for release, Mr. Kelsey must show a substantial claim of law in his motion to vacate and exceptional circumstances. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

7. Mr. Kelsey's most substantial claim of law is that he received ineffective assistance of counsel at his sentencing hearing when his counsel failed to object to the government's breach of the plea agreement. The Court of Appeals held that Mr. Kelsey's counsel failed to object to the government's breach of the plea agreement and that, if he had, Mr. Kelsey's interpretation of the agreement likely would have prevailed. (COA Opinion, Doc. 188, at 9-13.) That shows ineffective assistance of counsel. Because the Court of Appeals ruling is almost conclusive on the matter, Mr. Kelsey has more than raised a substantial claim of law.

8. Mr. Kelsey shows exceptional circumstances by the strength of his argument: it rests on an appellate opinion that is binding on this Court.

9. A second exceptional circumstance is that Mr. Kelsey has obtained three audio recordings that he attaches to his memorandum of law, revealing exculpatory information that the government never disclosed to him. The first is of the government's self-described "star witness" Jeremy Durham, who testified against Mr. Kelsey to the Grand Jury. In "Durham Recording 1," Durham tells of the government's coercion of his testimony: "And they were like, 'No, he was directing you.' I'm like, 'Naw.'" Although Durham told the government that Mr. Kelsey was "the poster child" of "a rule follower," who would not do anything he believed to be illegal, the government began "threatening [Durham] like hard core" that they would prosecute him unless he changed his story. Ultimately, Durham relented, and he permitted the prosecutors to begin "feeding" him statements to read to the grand jury about Kelsey that were "not true." Had Mr. Kelsey known that Durham's initial statements to the government actually exonerated him, he never would have pleaded guilty. But because the government failed to disclose Durham's initial, exculpatory statements; the written statements that it drafted for Durham to read to the grand jury that he refused to sign; and its coercion of his grand jury testimony to conform to those statements, Mr. Kelsey entered a guilty plea unaware of the evidence in his favor.

10. Also, Mr. Kelsey has obtained a second recording of Durham, in which he reiterates the same testimony, using many of the same words, even though this recording was taken over a year later. In "Durham Recording 2," Durham disclaims any requisite criminal intent on the part of Mr. Kelsey: "You were trying to do what you thought was legally right." He reiterates that he told the government—contrary to his grand jury testimony—that Mr. Kelsey never directed him on what to do with the funds Mr. Kelsey had donated to the Standard Club PAC.

11. In addition, Mr. Kelsey has obtained a third audio recording—this one of Joshua Smith, a co-defendant of Mr. Kelsey. Although Smith pleaded guilty and agreed to testify against

3

Mr. Kelsey, he told an associate in a recorded conversation before his guilty plea that he was "under investigation . . . for something totally unrelated, that I had nothing to do with either." If Mr. Smith had nothing to do with illegal conduct, he could not have been an agent for Mr. Kelsey in illegal activity, as the government contended. The government was aware of this exculpatory evidence, but it never disclosed it to Mr. Kelsey, who learned of it only after he had pleaded guilty.

12. For these reasons and those explained in more detail in the accompanying Memorandum of Law, the Court should grant Mr. Kelsey's release, pending a decision on his motion to vacate his sentence under 28 U.S.C. § 2255. Without such an order, Mr. Kelsey will be punished despite having been convicted in violation of the Constitution.

WHEREFORE, Mr. Kelsey respectfully requests that this Court immediately stay the issuance and/or enforcement of any voluntary surrender date to allow sufficient time for this emergency motion to be fully briefed and adjudicated. Thereafter, Mr. Kelsey seeks an order permitting Mr. Kelsey to remain under the same terms and conditions of release imposed by Magistrate Judge Frensley on November 1, 2021 (Doc. No. 13), as modified by him on January 7, 2022 (Doc. No. 35), until thirty days after the Court rules on Mr. Kelsey's contemporaneously-filed motion to vacate his sentence pursuant to 28 U.S.C. § 2255, or further Order of this Court.

Respectfully submitted,

*/s/ Joy Boyd Longnecker*
Joy Boyd Longnecker
Barnes & Thornburg, LLP
1600 West End Avenue
Suite 800
Nashville, TN 37203-3494

*/s/ Kent Wicker*
Kent Wicker
WICKER / BRAMMELL PLLC
323 West Main Street, 11th Floor
Louisville, Kentucky 40202
(502) 780-6185
kent@wickerbrammell.com
(*Admitted Pro Hac Vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served through the CM/ECF system, which will send notice of electronic filing on this 23rd day of January, 2025.

Kathryn W. Booth
U.S. Attorney's Office
719 Church Street Suite 3300
Nashville, TN 37203
kathryn.booth@usdoj.gov

David Pritchard
Assistant United States Attorney
167 North Main Street, Suite 800
Memphis, TN 38103
david.pritchard2@usdoj.gov

John P. Taddei
U.S. Department of Justice Public Integrity Section
1301 New York Ave. NW Ste 10th Floor
Washington, DC 20530
john.taddei@usdoj.gov

*/s/ Joy Boyd Longnecker*
Joy Boyd Longnecker