UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff / Respondent, <br><br> v. <br><br> BRIAN KELSEY, <br><br> Defendant / Movant. | No. 3:21-cr-00264-1 |

# BRIAN KELSEY'S MOTION TO
# VACATE CONVICTION PURSUANT TO 28 U.S.C. § 2255

Defendant/Movant Brian Kelsey brings this motion pursuant to 28 U.S.C. § 2255 to vacate his conviction in this Court. His grounds for the motion are set out in more detail in the accompanying Memorandum of Law, but they are summarized as follows:

1. This Court entered judgment on Mr. Kelsey's criminal conviction on August 16, 2023. (Doc. 155.) Mr. Kelsey appealed the conviction, and the Court of Appeals affirmed, rejecting his appeal because of his counsel's failure to preserve an objection to the government's breach of the plea agreement, despite ruling that Mr. Kelsey's interpretation of the agreement was likely correct. (COA Opinion, Doc. 188, at 9-13.)

2. Mr. Kelsey's motion for reconsideration *en banc* was denied on August 28, 2024. (Court of Appeals Doc. 35.) Mr. Kelsey's motion to stay the Court of Appeals mandate to file a petition for *certiorari* to the United States Supreme Court was granted on September 6, 2024. (Doc. 192.) Mr. Kelsey filed his petition for *certiorari* on November 26, 2024. (S. Ct. No. 24-590.) The United States Supreme Court denied Mr. Kelsey's petition for *certiorari* on January 13, 2025.

3. Mr. Kelsey is "in custody" pursuant to 28 U.S.C. § 2255(a) because he is under post-conviction conditions of release and because he faces imminent incarceration. *Lawrence v. 48th District Court,* 560 F.3d 475, 479 (6th Cir. 2008); *Bradley v. United States,* 2016 WL 11468693 (E.D. Mich. 2016).

4. Mr. Kelsey has strong grounds for the Court to grant his § 2255 motion. First, his attorneys gave him ineffective assistance of counsel. Indeed, the Court of Appeals held that Mr. Kelsey's counsel failed to object adequately to the government's breach of the plea agreement at his sentencing and that, if he had, Mr. Kelsey's interpretation of the agreement likely would have prevailed. (COA Opinion, Doc. 188, at 9-13.) On that ground alone, this motion should be granted.

5. Mr. Kelsey's attorneys also failed to give him effective assistance of counsel by: failing to appeal the Court's denial of his motion to withdraw his guilty plea after this Court made factual findings consistent with Mr. Kelsey's innocence; by offering inaccurate testimony against him on a material issue at the hearing on the motion to withdraw; by failing to cross-examine witnesses and present crucial evidence at that hearing; and by failing to file a motion to dismiss and raising an argument that the Sixth Circuit has now opined likely would have been successful.

6. Second, the government committed misconduct in three respects. According to two recorded statements from Jeremy Durham, the government coerced false testimony from him at the Grand Jury. Although Durham told the government that Mr. Kelsey was "the poster child" of "a rule follower," who would not do anything he believed to be illegal, the government began "threatening [him] like hard core" that they would take away his immunity and prosecute him unless he changed his story. Ultimately, he relented, and he permitted the prosecutors to begin "feeding" him statements to read to the grand jury about Mr. Kelsey that were "not true." The

government committed misconduct by indicting Mr. Kelsey based on this coerced, false testimony, in violation of *Napue v. Illinois*.

7. The government also committed misconduct by failing to promptly disclose Durham's initial, exculpatory statements about Mr. Kelsey. Because the government never included those exculpatory statements in the interview summaries it produced to Mr. Kelsey or the written statement(s) that it prepared but Durham refused to sign, Mr. Kelsey entered a guilty plea unaware that Durham had initially exonerated him or, at the very least, that Durham had given several inconsistent statements. That government misconduct violated this Court's discovery rules and Mr. Kelsey's due process rights under *Brady v. Maryland*.

8. In addition, the government committed misconduct by not producing an audio recording of Joshua Smith, a co-defendant of Mr. Kelsey. Although Smith pleaded guilty and agreed to testify against Mr. Kelsey, he told an associate in a recorded conversation before Smith's guilty plea that he was "under investigation . . . for something totally unrelated, that I had nothing to do with either." The government was given a copy of this recording before Mr. Kelsey's plea date but has never produced it to Mr. Kelsey. If Mr. Smith had nothing to do with illegal conduct, he could not have been an agent for Mr. Kelsey in illegal activity, as the government contended. The government was aware and in possession of this exculpatory evidence, but this evidence was never provided to Mr. Kelsey, which also violated this Court's rules and the government's obligations under *Brady v. Maryland*.

9. Third and finally, Mr. Kelsey has obtained *two* audio recordings of Durham saying that Mr. Kelsey never directed him on what to do with the campaign funds at issue and never told him to tell the American Conservative Union how to spend the funds in favor of his congressional campaign: "And they were like, 'No, he was directing you.' I'm like, 'Naw.'" Mr. Kelsey pleaded

guilty without the benefit of this information; with it, he would have chosen a different path: trial. It is now painfully apparent that the government's case against Mr. Kelsey consists entirely of conflicting and/or recanted witness statements and no documentary evidence, which supports an independent finding that Mr. Kelsey is actually innocent, and his convictions should be reversed, in the alternative, on that ground.

WHEREFORE, Mr. Kelsey requests that the Court vacate his convictions, and either dismiss the Indictment or set the matter for trial.

Respectfully submitted,

*/s/ Joy Boyd Longnecker*
Joy Boyd Longnecker
Barnes & Thornburg, LLP
1600 West End Avenue
Suite 800
Nashville, TN 37203-3494

*/s/ Kent Wicker*
Kent Wicker
WICKER / BRAMMELL PLLC
323 West Main Street, 11th Floor
Louisville, Kentucky 40202
(502) 780-6185
kent@wickerbrammell.com
(*Admitted pro hac vice*)

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing document has been served through the CM/ECF system, which will send notice of electronic filing on this 23rd day of January, 2025.

Kathryn W. Booth
U.S. Attorney's Office
719 Church Street Suite 3300
Nashville, TN 37203
kathryn.booth@usdoj.gov

David Pritchard
Assistant United States Attorney
167 North Main Street, Suite 800
Memphis, TN 38103
david.pritchard2@usdoj.gov

John P. Taddei
U.S. Department of Justice Public Integrity Section
1301 New York Ave. NW Ste 10th Floor
Washington, DC 20530
john.taddei@usdoj.gov

                                  */s/ Joy Boyd Longnecker*
                                  Joy Boyd Longnecker